IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Pedro Lazaro Rodriguez, | ) | Case No. 1:24-cv-05142-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Hutchinson, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On November 20, 2024, Respondent filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 15. Petitioner filed a response in opposition. ECF No. 18. On January 7, 2025, the Magistrate Judge issued a Report recommending that Respondent's motion be granted.[1] ECF No. 77. Petitioner filed objections. ECF No. 79.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

---

[1] It appears that the Magistrate Judge considered the motion as one for summary judgment; this Court will do likewise.

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

As an initial matter, the Court finds that the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which are incorporated herein.  Petitioner's concerns center around credits earned through the First Step Act.  The parties agree that his current projected release date is October 27, 2027; however, Petitioner takes issue with his projected date to enter prerelease custody.  He contends that he has between 869 and 990 days of prerelease custody credit that are being improperly applied and that he is currently eligible to be moved to prerelease custody.  He is currently scheduled to be placed at a residential reentry center on November 19, 2025.  In a detailed discussion with ample citations to relevant statutes and caselaw, the Magistrate Judge determined that the Bureau of Prisons ("BOP") has discretion to apply his credits towards prerelease and this Court has no ability to modify this decision.

In his objections, Petitioner contends that his prerelease placement is not discretionary. This argument overlooks the Magistrate Judge's well-reasoned analysis and ample caselaw regarding the discretion afforded to the BOP. *See, e.g.*, *United States v. Carroll*, Case No. 1:16-cr-632-JMC, 2020 WL 1976498, at *1–2 (D.S.C. Apr. 24, 2020). In support of his position, Petitioner cites to *Woodley v. Warden, USP Leavenworth*, No. 24-3053-JWL, 2024 WL 2260904, at *3 (D. Kan. May 15, 2024), in which the court held "[u]nder a plain reading of this provision of the FSA, which includes the word 'shall,' the BOP is *required* to transfer a prisoner to prerelease custody or supervised release if the prisoner is 'eligible' as determined under Subsection 3624(g)." However, as explained by another court in this circuit,

> The Petitioner contends in his response to the Motion to Dismiss that under the holding of *Woodley*, this Court must act in accord, and require the BOP to transfer him to prerelease custody or supervised release. However, *Woodley*, a decision from the District Court of Kansas, is not controlling authority in the Circuit Court of Appeals for the Fourth Circuit. Moreover, the undersigned finds that the word "shall" in the context of 18 U.S.C. § 3624(a), is modified by the qualifications of "shall, to the extent practicable" contained in § 3624(c) and (g). Accordingly, the undersigned finds that the provisions of § 3624 do not require the transfer of a prisoner to prerelease custody or supervised release if the prisoner meets the other eligibility criteria of § 3624(g).

*Baker v. Lovett*, No. 3:24-CV-38, 2024 WL 5396205, at *10 (N.D.W. Va. Oct. 22, 2024), *report adopted,* 2025 WL 48330 (N.D.W. Va. Jan. 8, 2025). Accordingly, Petitioner's objections are overruled.

3

**CONCLUSION**

After reviewing the record in this case, the applicable law, and the Report of the Magistrate Judge de novo, the Court agrees with the recommendation of the Magistrate Judge. Respondent's motion for summary judgment [15] is **GRANTED**, and the Petition is **DISMISSED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

March 21, 2025
Spartanburg, South Carolina